# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| AMBER R.,[1] | Case No. 3:21-cv-00204 |
| Plaintiff, | District Judge Walter H. Rice |
| vs. | Magistrate Judge Caroline H. Gentry |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## REPORT AND RECOMMENDATIONS[2]

## I.     INTRODUCTION

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income in March 2016. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case to the ALJ for resolution of several issues. Upon remand, the ALJ held a second hearing and issued a

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

[2] *See* 28 U.S.C. § 636(b)(1). The notice at the end of this opinion informs the parties of their ability to file objections to this Report and Recommendations within the specified time period.

written decision, again concluding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's Statement of Errors (Doc. 6), the Commissioner's Memorandum in Opposition (Doc. 12), Plaintiff's Reply (Doc. 13), Plaintiff's Notice of Withdrawal of Issue III (Doc. 10), and the administrative record (Doc. 4).

## II. BACKGROUND

Plaintiff asserts that she has been under a disability since January 20, 2016. At that time, she was 38 years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. §§ 404.1563(c), 416.963(c).[3] Plaintiff has "a high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 4-2, PageID 141-161), Plaintiff's Statement of Errors (Doc. 6), the Commissioner's Memorandum in Opposition (Doc. 12), and Plaintiff's Reply (Doc. 13). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

---

[3] The remaining citations will identify only the pertinent Disability Insurance Benefits Regulations, as they are similar in all relevant respects to the corresponding Supplemental Security Income Regulations.

III.    **STANDARD OF REVIEW**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the

3

evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. THE ALJ'S DECISION

As noted previously, the ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

> Step 1: Plaintiff engaged in substantial gainful activity (SGA) in 2018.
>
> However, there has been a continuous 12-month period(s) during which Plaintiff did not engage in SGA. The remaining findings address the periods when Plaintiff did not engage in SGA.

4

| | |
|---|---|
| Step 2: | Plaintiff has the severe impairments of "Degenerative Disc Disease (DDD) of the Lumbar Spine; a History of Ulnar Nerve Compression of the Left Elbow; Osteoarthritis (OA) of the Bilateral Knees; Degenerative Joint Disease (DJD) of the Right Hip; Residuals of Right Hip Gluteal Tear; Residuals of Gastric Bypass Surgery; Depressive Disorder; and Post-Traumatic Stress Disorder (PTSD)." |
| Step 3: | She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity, or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 C.F.R. § 404.1567(b), subject to the following limitations: "(1) occasional crouching, crawling, kneeling, stooping, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, or scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) frequent use of the upper extremities for pushing, pulling, handling, fingering; (5) no concentrated exposure to temperature extremes or respiratory irritants; (6) limited to performing unskilled, simple, repetitive tasks with an SVP of 1 or 2; (7) occasional contact with co-workers and supervisors; and (8) no public contact."<br><br>She is unable to perform any of her past relevant work. |
| Step 5: | Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform. |

(Doc. 4-2, PageID 144-60.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 106-61.)

## V. ANALYSIS

Plaintiff alleges that the ALJ reversibly erred by 1) failing to abide by the Appeals Council's order instructing the ALJ to arrange for a consultative examination and medical source statement; and 2) failing to properly evaluate the mental health opinion evidence

5

of record. (Doc. 6). Finding error in the ALJ's failure to obtain a consultative examination and medical source statement, the Court does not address Plaintiff's other alleged error and, instead, instructs the ALJ to address both of them on remand.

Plaintiff contends that the ALJ failed to comply with the Appeals Council's order, which she interprets to mean that the ALJ was required to obtain a consultative examination and medical source statement. (Doc. 6, PageID 2808.) Defendant counters that the language in the Appeals Council's order was not mandatory and that this Court lacks jurisdiction to rule on whether the ALJ complied with the Appeals Council's order upon remand. (Doc. 12, PageID 2844-45.)

The Appeals Council remanded the October 2018 ALJ decision in a January 2020 order. (Doc. 4-3, PageID 344-45.) At issue in this case is the Appeals Council's instruction that upon remand, the ALJ will:

> [i]f warranted, obtain additional evidence concerning all of the claimant's physical and mental impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 404.1512-1513 and 416.912-913) The additional evidence will include a consultative examination and a medical source statement regarding the claimant's ability to perform work-related activities despite her physical impairments.

(*Id.*)  The ALJ did not obtain a consultative examination and a medical source statement. He provided this explanation in the decision: "The undersigned acknowledges that the remand order issued in this case directed that a consultative examination be obtained along [sic] medical source statement from the examining physician. ***The undersigned inquired about feasibility of such an exam but was unable to obtain such evidence*** due

6

to restrictions on consultative exam [sic] associated with the COVID-19 pandemic." (Doc. 4-2, PageID 156 (emphasis added).)

The Court agrees with Plaintiff and finds that the ALJ reversibly erred by failing to obtain a consultative examination and medical source statement.

As an initial matter, the Court rejects the Defendant's argument that the above-quoted instruction was permissive rather than mandatory. The ALJ did not think so. In the decision, he "acknowledge[d] that the remand order *directed* that a consultative examination be obtained . . . ." (Doc. 4-2, PageID 156) (emphasis added.) The term "directed" is mandatory, not permissive. But it is more precise to describe the Appeals Council order as both conditional and mandatory: *if* the ALJ believes that additional evidence is warranted [conditional], then he *will* obtain a consultative examination and medical source statement [mandatory]. The only issue as to which the ALJ had discretion was the decision regarding whether additional evidence was warranted.

The record shows that the ALJ decided that additional evidence was warranted. He allowed the parties to submit additional evidence after the Appeals Council decision. (*See* Doc. 4-2, PageID 170-72.) He also attempted to obtain the evidence at issue here—the consultative examination and medical source statement—but stated that he was unable to do so because of COVID-19 pandemic restrictions. (Doc. 4-2, PageID 156.) If the ALJ believed that additional evidence was unwarranted, he would not have made this attempt.

For these reasons, the Court concludes that the ALJ was required to obtain a consultative examination and medical source statement upon remand. He did not do so. This failure constitutes reversible error.

7

Defendant argues that the ALJ's failure to obtain a consultative examination and medical source statement does not warrant a remand because the failure to follow an Appeals Council directive does not support reversal absent other error. (Doc. 12, PageID 2844-45.) This argument is not well-taken.

The Sixth Circuit Court of Appeals has not decided this issue, and federal courts are divided (see Doc. 12, PageID 2844-45 (citing cases)). But the Sixth Circuit does consider it "an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) (citations omitted). Here, the ALJ failed to follow the Commissioner's regulation that provides that the ALJ "**shall** take any action that is ordered by the Appeals Council . . . ." 20 C.F.R. § 404.977(b) (emphasis added). This Court is authorized to reverse an ALJ's decision where, as here, the ALJ failed to comply with applicable legal standards.

Defendant also claims that the ALJ's failure to obtain a consultative examination constitutes harmless error because Plaintiff did not allege that the ALJ committed any errors when evaluating Plaintiff's physical impairments. (Doc. 12, PageID 2846.) This argument also fails. The remand rule in Section 404.977(b) affords procedural protection to a claimant. *Pearl v. Comm'r of Soc. Sec.*, 394 F. Supp. 3d 762, 767 (E.D. Mich. 2019). This Court "cannot excuse the denial of a mandatory procedural protection simply because . . . a different outcome on remand is unlikely." *Wilson*, 378 F.3d at 546. In other words, "[a] procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway." *Id.* To hold otherwise would "afford the Commissioner the ability to violate the regulation with impunity and

8

render the protections promised therein illusory." *Id.* Instead, this Court should "'set aside agency action . . . found to be . . . without observance of procedure required by law.'" *Id.* (citing 5 U.S.C. § 706(2)(D)).

This Court concludes that the ALJ violated the applicable regulations by failing to follow the directive in the Appeals Council order and obtain a consultative examination and medical source statement. Thus, reversal is warranted.

## VII. REMAND

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding that the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041

9

(6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted here because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. Instead, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Statement of Errors (Doc. 6) be GRANTED;

2. The Court REVERSE the Commissioner's non-disability determination;

3. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter be REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case be terminated on the Court's docket.

                                                 */s/ Caroline H. Gentry*
                                                 Caroline H. Gentry
                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).