IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMBER R.,

      Plaintiff,

    v.

COMMISSIONER OF THE
SOCIAL SECURITY
ADMINISTRATION,

      Defendant.

:

:    Case No. 3:21-cv-204

     JUDGE WALTER H. RICE

:

---

DECISION AND ENTRY REJECTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #14);
SUSTAINING DEFENDANT'S OBJECTIONS THERETO (DOC. #16);
REMANDING MATTER TO MAGISTRATE JUDGE FOR INITIAL
CONSIDERATION OF OTHER ISSUE RAISED IN PLAINTIFF'S
STATEMENT OF ERRORS

---

On July 14, 2022, United States Magistrate Judge Caroline H. Gentry issued

a Report and Recommendations, Doc. #14, recommending that the Court reverse

the Commissioner's non-disability finding, make no finding as to whether Plaintiff

was under a "disability" within the meaning of the Social Security Act, and

remand the case to the Social Security Administration under Sentence Four of 42

U.S.C. § 405(g) for further consideration.

This matter is currently before the Court on Defendant's Objections to that

Report and Recommendations, Doc. #16, and on Plaintiff's Response to

Defendant's Objections, Doc. #17.

The Court must make a *de novo* review of those portions of that judicial filing to which proper Objections have been made. The Court may accept, reject or modify the recommended disposition, receive further evidence or return the matter to the Magistrate Judge with instructions. Fed. R. Civ. P. 72(b)(3).

Plaintiff suffers from a variety of physical and mental impairments, including degenerative disc disease, hip pain, knee pain, depression and post-traumatic stress disorder. Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income were denied initially and on reconsideration. Following an evidentiary hearing, the Administrative Law Judge ("ALJ") concluded that Plaintiff was capable of light work and therefore not disabled.

Plaintiff appealed. The Appeals Council vacated the ALJ's decision because it appeared that he had not considered all of the evidence submitted. The Appeals Council remanded the case with the following instruction:

> If warranted, [the ALJ shall] obtain additional evidence concerning all of the claimant's physical and mental impairments . . . The additional evidence will include a consultative examination and a medical source statement regarding the claimant's ability to perform work-related activities despite her physical impairments.

Doc. #4-3, PageID#344-45.

In his decision again denying benefits, the ALJ acknowledged these instructions but stated that he was unable to obtain a consultative examination due to restrictions related to the COVID-19 pandemic. Doc. #4-2, PageID#156. Plaintiff appealed but, this time, the Appeals Council denied

Plaintiff's request for review, finding no basis for disturbing the ALJ's decision. Doc. #4-2, PageID##16-17.

Plaintiff then sought judicial review pursuant to 42 U.S.C. § 405(g). In her Statement of Errors, Plaintiff argued that: (1) the ALJ failed to comply with the instructions of the Appeals Council to arrange for a consultative examination; and (2) failed to properly evaluate the mental health opinion evidence of record.[1] Magistrate Judge Gentry's Report and Recommendation is limited to a discussion of the first issue.

Magistrate Judge Gentry agreed with Plaintiff that the ALJ's failure to comply with the Appeals Council's directive to obtain a consultative examination constituted reversible error.[2] She noted that federal regulations provide that the ALJ "shall take any action that is ordered by the Appeals Council." 20 C.F.R. § 404.977(b). She found that reversal was warranted because the ALJ had failed to apply the "correct legal standard." *See Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (holding

---

[1]  A third Issue, concerning separation of powers, was later withdrawn. *See* Doc. #10.

[2]  The Magistrate Judge acknowledged that the ALJ was instructed to obtain additional evidence only "if warranted." She reasonably concluded, however, that if the ALJ did not believe that additional evidence was warranted, he would not have inquired about the feasibility of a consultative examination.

that reversal may be warranted if the ALJ fails to apply the correct legal standards).

Magistrate Judge Gentry rejected Defendant's argument that the Court lacks jurisdiction to determine whether the ALJ complied with the instructions of the Appeals Council on remand. She noted that federal courts were divided on this issue and that the Sixth Circuit had not yet had the opportunity to address it. Rather than discuss the cases cited by Defendant, the Magistrate Judge relied on *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004), a case dealing with the ALJ's failure to apply the treating physician rule. She noted that it is "an elemental principle of administrative law that agencies are bound to follow their own regulations." *Id.* at 545. She concluded that the ALJ's failure to comply with the Appeals Council's remand order violated the "applicable legal standards" set forth in 20 C.F.R. § 404.977(b) and warrants reversal.

Defendant objects to the Magistrate Judge's analysis, arguing that it is inconsistent with the overwhelming majority of cases within the Sixth Circuit. The Court agrees and SUSTAINS Defendant's Objection on this basis. It is true that some district courts have held that an ALJ's failure to follow the directives of the Appeals Council constitutes a procedural due process error that serves as an independent ground for reversal. *See, e.g., Godbey v. Colvin*, No. 1:13cv-00167, 2014 WL 4437647, at **6-7 (W.D. Ky.

4

Sept. 9, 2014); *Salvati v. Astrue*, No. 3:08-cv-494, 2010 WL 546490, at **4-5 (E.D. Tenn. Feb. 10, 2010).

However, as the court noted in *Shope v. Comm'r of Soc. Sec.*, No. 2:14-cv-2055, 2015 WL 3823165 (S.D. Ohio June 19, 2015), "[t]he overwhelming majority of courts in this circuit . . . have determined that federal courts lack jurisdiction to consider whether an administrative law judge complied with the Appeals Council's instructions on remand." *Id.* at *8 (collecting cases). *See also Hedges v. Comm'r of Soc. Sec.*, No. 2:16-cv-592, 2017 WL 3140876, at *11 (S.D. Ohio July 25, 2017) (holding that the Court "lacks jurisdiction to consider whether the ALJ complied with the Appeals Council's directive.").

These courts reason that, under 42 U.S.C. § 405(g), the district court is granted jurisdiction to review only the "final decision of the Commissioner of Social Security." This is "confined to a review of the [ALJ's] decision and the evidence presented to the [ALJ.]" *Shope*, 2015 WL 3823165, at *9. The ALJ's compliance with a remand order is considered to be an "internal agency matter which arises prior to the issuance of the agency's final decision." *Brown v. Comm'r of Soc. Sec.*, No. 1:08-cv-183, 2009 WL 465708, at *6 (W.D. Mich. Feb. 24, 2009). "Plainly stated, this Court's scope of review is limited to an analysis of the ALJ's decision and not a review of the ALJ's compliance with the Appeals Council's Order of

Remand." *Prichard v. Astrue*, No. 2:08-0055, 2011 WL 794997, at *15 (M.D.

Tenn. Feb. 28, 2011) (internal quotation omitted).

Moreover, in Plaintiff's case, following the remand, the Appeals

Council had the opportunity to review the ALJ's compliance with its

instructions and saw no need to remand the case a second time. It found

no legal basis to question the ALJ's decision.

In similar situations, courts have held that it may be inferred that the

Appeals Council found that the ALJ had substantially complied with its

instructions, and that the Court lacked jurisdiction to review the ALJ's

compliance with the remand order. *See Brown*, 2009 WL 465708 at *6 ("By

failing to remand the matter a second time, it appears that the Appeals

Council considered the ALJ's . . . review to be in compliance with the

Council's previous order of remand."); *Shope*, 2015 WL 3823165, at *9

(holding that where the Appeals Council has the opportunity to review an

ALJ's compliance with its directives and does not remand the matter a

second time, the Court has no authority to review the Appeals Council's

decision); *Hedges*, 2017 WL 3140876, at *11 (same); *Llaneza v. Comm'r of*

*Soc. Sec.*, No. 2:15-cv-2437, 2016 WL 4054918, at *13 (S.D. Ohio July 29,

2016) (same).

This Court agrees with the reasoning set forth in the cases cited

above. Accordingly, to the extent that Magistrate Judge Gentry found that

the ALJ's failure to comply with the instructions of the Appeals Council on

6

remand constituted reversible error, the Court REJECTS that portion of the Report and Recommendations.

In her Report and Recommendations, the Magistrate Judge also rejected Defendant's argument that "the ALJ's failure to obtain a consultative examination constitutes harmless error." Doc. #14, PageID#2871 (citing Doc. #12, PageID#2846). She noted that § 404.977(b) affords a procedural protection to a claimant. *Pearl v. Comm'r of Soc. Sec.*, 394 F. Supp. 3d 762, 767 (E.D. Mich. 2019) (equating the remand rule to the treating physician rule). Quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004), she then held that the Court "cannot excuse the denial of a mandatory procedural protection simply because . . . a different outcome on remand is unlikely." *Id.* at 546. "A procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway." *Id.* (quoting *Mazaleski v. Treusdell*, 562 F.2d 701, 719 n.41 (U.S. App. D.C. 1977)).

As Defendant points out in her Objections, however, this discussion is not responsive to the argument that was actually made. Defendant did not argue that the failure to obtain a consultative examination constituted harmless error or that Plaintiff was unlikely to obtain a different outcome on remand. Rather, Defendant argued that Plaintiff had not satisfied her burden of showing that the alleged error, *i.e.*, failure to obtain a consultative examination, caused her any harm. The portion of the remand

7

order that directed the ALJ to obtain a consultative examination pertained only to Plaintiff's *physical* impairments. Plaintiff, however, is challenging only the ALJ's evaluation of her *mental* health opinion evidence. Defendant maintains that because Plaintiff failed to show that how she was harmed by the ALJ's failure to obtain a consultative examination, remand was not warranted. To the extent that Defendant argues that the Magistrate Judge failed to consider the argument actually raised, the Court SUSTAINS this Objection also.

For the reasons set forth above, the Court REJECTS the Report and Recommendations, Doc. #14. Given that the Magistrate Judge did not reach the other issue raised by Plaintiff in her Statement of Errors, *i.e.,* whether the ALJ committed reversible error by failing to properly evaluate the mental health opinion evidence, the Court REMANDS the matter to Magistrate Judge Gentry for initial consideration of that issue.


Date: August 31, 2022

*Walter H. Rice*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE