**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| AMBER R.,[1] | : | Case No. 3:21-cv-00204 |
| Plaintiff, | : | |
| | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

---

**REPORT AND RECOMMENDATIONS[2]**

---

## I.    INTRODUCTION

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income in March 2016. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case to the ALJ for resolution of several issues. Upon remand, the ALJ held a second hearing and issued a

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

[2] *See* 28 U.S.C. § 636(b)(1). The notice at the end of this opinion informs the parties of their ability to file objections to this Report and Recommendations within the specified time period.

written decision, again concluding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's Statement of Errors (Doc. 6), the Commissioner's Memorandum in Opposition (Doc. 12), Plaintiff's Reply (Doc. 13), Plaintiff's Notice of Withdrawal of Issue III (Doc. 10), and the administrative record (Doc. 4).

On July 14, 2022, the undersigned issued a Report and Recommendations that recommended that the Court reverse the Commissioner's non-disability finding based on Issue I in Plaintiff's Statement of Errors. (Doc. 14; *see* Doc. 6, PageID 2808.) District Judge Walter H. Rice issued a Decision and Entry on August 31, 2022 (Doc. 18) that rejected the Report and Recommendations, sustained Defendant's objections (Doc. 16), and remanded the matter for initial consideration of the other issue raised in Plaintiff's Statement of Errors.[3]

## II.    BACKGROUND

Plaintiff asserts that she has been under a disability since January 20, 2016. At that time, she was 38 years old. Accordingly, Plaintiff was considered a "younger person"

---

[3] Plaintiff initially asserted a third issue concerning separation of powers, but subsequently withdrew it. (Doc. 10.)

under Social Security Regulations. *See* 20 C.F.R. §§ 404.1563(c), 416.963(c).[4] Plaintiff

has "a high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision

(Doc. 4-2, PageID 141-161), Plaintiff's Statement of Errors (Doc. 6), the Commissioner's

Memorandum in Opposition (Doc. 12), and Plaintiff's Reply (Doc. 13). Rather than

repeat these summaries, the Court will discuss the pertinent evidence in its analysis

below.

## III.    STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits and

Supplemental Security Income to individuals who are under a "disability," among other

eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42

U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any

substantial gainful activity by reason of any medically determinable physical or mental

impairment which . . . has lasted or can be expected to last for a continuous period of not

less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries:

"whether the ALJ applied the correct legal standards and whether the findings of the ALJ

are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399,

406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive.").

---

[4] The remaining citations will identify only the pertinent Disability Insurance Benefits Regulations, as
they are similar in all relevant respects to the corresponding Supplemental Security Income Regulations.

"Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even

4

if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV.    THE ALJ'S DECISION

As noted previously, the ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

Step 1:    Plaintiff engaged in substantial gainful activity (SGA) in 2018.

However, there has been a continuous twelve-month period(s) during which Plaintiff did not engage in SGA. The remaining findings address the periods when Plaintiff did not engage in SGA.

Step 2:    Plaintiff has the severe impairments of "Degenerative Disc Disease (DDD) of the Lumbar Spine; a History of Ulnar Nerve Compression of the Left Elbow; Osteoarthritis (OA) of the Bilateral Knees; Degenerative Joint Disease (DJD) of the Right Hip; Residuals of Right Hip Gluteal Tear; Residuals of Gastric Bypass Surgery; Depressive Disorder; and Post-Traumatic Stress Disorder (PTSD)."

Step 3:    She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:    Her residual functional capacity (RFC), or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 C.F.R. § 404.1567(b), subject to the following limitations: "(1) occasional crouching, crawling, kneeling, stooping, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, or scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) frequent use of the upper extremities for pushing, pulling, handling, fingering; (5) no concentrated exposure to temperature extremes or respiratory irritants; (6) limited to performing unskilled, simple, repetitive tasks with an SVP of 1 or 2;

5

(7) occasional contact with co-workers and supervisors; and (8) no public contact."

She is unable to perform any of her past relevant work.

Step 5:      Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform.

(Doc. 4-2, PageID 144-60.) These findings led the ALJ to conclude that Plaintiff does not

meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 106-61.)

## V.      ANALYSIS

The only remaining issue in this case is Plaintiff's assertion that the ALJ

reversibly erred by failing to properly evaluate the mental health opinion evidence. (Doc.

6.) Specifically, Plaintiff challenges the ALJ's analysis of the opinions of treating

psychiatrist Kalpana Vishnupad, M.D. and treating physician Mtanious Makhoul, M.D.

(Doc. 6, PageID 2810-16.) Plaintiff argues that the ALJ committed reversible error

because he failed to properly apply the controlling weight test to the opinions of both

sources. (*Id.* at PageID 2810-14.) In the alternative, Plaintiff asserts that the ALJ failed to

provide the requisite "good reasons" for giving less than controlling weight to these

opinions. (*Id.* at PageID 2814-16.) For the reasons discussed below, Plaintiff's assigned

error regarding the good-reasons requirement is well-taken and the undersigned

recommends that the Court reverse and remand this matter to the Commissioner.

### A.      Applicable Law

The ALJ must consider and evaluate every medical opinion in the record. 20

C.F.R. § 404.1527(b), (c). In addition, because Plaintiff filed her claim before March 27,

6

2017, the opinion evidence rules set forth in 20 C.F.R. § 404.1527 apply. Specifically, "greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (citations omitted).[5]

Under the threating physician rule, the ALJ must give a treating-source opinion "'controlling weight' if the opinion: (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see also Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014).

If the ALJ determines that a treating physician's opinion is not controlling, his analysis does not end there. *Blakey v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009) ("A finding that a treating source medical opinion … is not entitled to controlling weight [does] not [mean] that the opinion should be rejected."). Instead, the ALJ must assign the opinion a specific degree of weight after balancing these factors: "the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson v. Comm'r of Soc. Sec,* 378 F.3d 541, 544 (6th Cir. 2004)); *see also* 20 C.F.R. § 404.1527(c).

---

[5] A "treating source" is a claimant's "own acceptable medical source who provides . . . medical treatment or evaluation and who has . . . an ongoing treatment relationship" with a claimant. 20 C.F.R. § 404.1527(a)(1).

"Separate from the treating physician rule, but closely related, is the requirement that the ALJ 'always give good reasons' for the weight ascribed to a treating-source opinion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 552 (6th Cir. 2020) (citing 20 C.F.R. § 404.1527(c)(2); other citation omitted); *see Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Hargett*, 964 F.3d at 552 (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996))[6]. The goal is to make clear to any subsequent reviewer the weight given and the reasons for giving that weight. *Id.* Critically, the ALJ must also support his decision to decline to give a treating-source opinion either controlling or deferential weight with substantial evidence. *Id.*

## B. Dr. Vishnupad

Dr. Vishnupad opined in a February 2017 medical source statement form that Plaintiff experienced ***moderate*** limitation in these areas: responding appropriately to coworkers or peers; relating to the general public and maintaining socially appropriate behavior; responding appropriately to changes in work setting; and behaving predictably, reliably, and in an emotionally stable manner. (Doc. 4-7, PageID 910-11.) Dr. Vishnupad indicated no or mild impairment in other areas of work-related mental functioning listed on the form. (*Id.* at PageID 910-12.) Dr. Vishnupad opined that Plaintiff's condition would likely deteriorate if she was placed under stress (particularly the stress of a full-time job). (*Id.* at PageID 912.) She further opined that Plaintiff would not likely have five

---

[6] SSR 96-2p has been rescinded. However, this rescission is effective only for claims filed on or after March 27, 2017. See SSR 96-2p, 2017 WL 3928298 at *1. Because Plaintiff filed her application for benefits prior to March 27, 2017, SSR 96-2p still applies in this case.

8

or more partial- or full-day unscheduled absences from work per month. (*Id.*) Dr. Vishnupad indicated that Plaintiff's condition had "existed and persisted with the restrictions as outlined in this assessment form" since January 20, 2016. (*Id.*)

Dr. Vishnupad completed another assessment form in May 2020. (Doc. 4-10, PageID 2730-32.) She opined that Plaintiff experienced ***marked*** limitation in these areas: working in cooperation with or in proximity to others without being distracted by them; performing at production levels expected by most employers; responding appropriately to changes in work setting; behaving predictably, reliably, and in an emotionally stable manner; and tolerating customary work pressures. (*Id.*) Dr. Vishnupad indicated mild to moderate impairment in the other areas of work-related mental functioning listed on the form. (*Id.*) Dr. Vishnupad opined that Plaintiff would likely have two or more partial- or full-day unscheduled absences from work per month. (*Id.*) She again opined that Plaintiff's condition would likely deteriorate if placed under stress, particularly the stress of a full-time job. (*Id.*) According to Dr. Vishnupad, these restrictions had "existed and persisted" since January 20, 2016. (*Id.*)

The ALJ assigned Dr. Vishnupad's opinions little weight under the "treating physician rule" and concluded that they are not entitled to controlling weight. (Doc. 4-2, PageID 150.) In support of this decision, the ALJ explained:

> The undersigned recognizes the treating relationship between [Plaintiff] and Dr. Vishnupad. However, at the time of the first assessment, treatment had not even encompassed a full year (B6F, B16F). Further, the record does not reflect the level of severity, which would cause [Plaintiff] to be unable to sustain full time (8-hours per day, 5 days per week) work, as Dr. Vishnupad indicates (B11F/3, B37F/3). The record indicates that [Plaintiff] made minimal to moderate progress in 8 out of 10 meetings with [Plaintiff]

9

(B16F/17, 20, 23, 26, 29, 32, 38, 45). Later treatment notes indicate that
[Plaintiff's] depression was improving (B33F/7, 22, 79).

(Doc. 4-2, PageID 150.)

The undersigned concludes that the ALJ erred in his analysis of Dr. Vishnupad's
opinions because he failed to satisfy the good reasons requirement. This rule requires the
ALJ to cite substantial evidence that supports a decision to decline giving controlling or
deferential weight to a treating-source opinion. 20 C.F.R. § 404.1527(c)(2); *Hargett v.
Comm'r of Soc. Sec.*, 964 F.3d 546, 552 (6th Cir. 2020). *Id*. Here, the ALJ did not support
his stated reasons with substantial evidence.

The ALJ's first stated reason for declining to give controlling or deferential weight
to Dr. Vishnupad's opinions is that Dr. Vishnupad had not treated Plaintiff for a full year
at the time that she rendered her first opinion. (Doc. 4-2, PageID 150.) That statement is
true as far as it goes, and the length of the treatment relationship is an appropriate factor
to consider under 20 C.F.R. § 404.1527(c). However, the ALJ failed to acknowledge that
when Dr. Vishnupad issued her second—and significantly more restrictive—opinion in
May 2020, she had been treating Plaintiff for more than three years. (Doc. 4-8, PageID
1395; Doc. 4-10, PageID 2684.) The length of Dr. Vishnupad's treatment relationship at
the time that she issued her second opinion provides more, rather than less, support for
her opinions. 20 C.F.R. § 404.1527(c)(2)(i) ("Generally, the longer a treating source has
treated you and the more times you have been seen by a treating source, the more weight
we will give to the source's medical opinion."). Thus, the ALJ's first stated reason for

10

declining to give Dr. Vishnupad's opinions either controlling or deferential weight is
unsupported by substantial evidence.

The ALJ's second stated reason for declining to give controlling or deferential
weight to Dr. Vishnupad's opinions is a general assertion that the record did not support
her opinions that Plaintiff is unable to sustain full-time work. (Doc. 4-2, PageID 150.)
Although the supportability of a treating physician's opinions is an appropriate factor to
consider under 20 C.F.R. § 404.1527(c), the good reasons requirement cannot be satisfied
with general and non-specific assertions of inconsistency with other evidence in the
record. *Smalley v. Comm'r of Soc. Sec.*, __ Fed. Appx. __, Case No. 20-1865, 2021 U.S.
App. LEXIS 26754, *14 (6th Cir. Sept. 3, 2021). Thus, the Court will confine its analysis
to the reasons that the ALJ actually provided.

The ALJ justified his conclusion that Dr. Vishnupad's opinions are inconsistent
with the record by stating that Plaintiff made "minimal to moderate progress in 8 out of
10 meetings." (Doc. 4-2, PageID 150.) The cited treatment notes indicate moderate
progress in just two meetings, in February and December of 2017; the other treatment
notes show only minimal progress. (Doc. 4-8, PageID 1374, 1377, 1380, 1383, 1386,
1389, 1395.) During the two meetings that evidenced moderate progress, Dr. Vishnupad
also observed that Plaintiff had an irritable and anxious mood. (Doc. 4-2, PageID 1374,
1935; Doc. 4-8, PageID 1402.) Thus, although Dr. Vishnupad noted moderate progress

and Plaintiff did appear to improve between these meetings,[7] such improvement did not necessarily reflect a change in Plaintiff's ability to function in the workplace.

Further, and more importantly, these two visits are far removed in time from Dr. Vishnupad's May 2020 opinion. They took place in February 2017 and December 2017. In February 2017, Dr. Vishnupad opined that Plaintiff had ***moderate*** limitations in certain areas, and either no or mild limitations in other areas. In May 2020, Dr. Vishnupad opined that Plaintiff had ***marked*** limitations in certain areas, and either mild or moderate limitations in other areas. She also imposed significantly more limitations on Plaintiff's ability to function in the workplace in her May 2020 opinion. Thus, the 2017 treatment notes cited by the ALJ do not provide substantial evidence that Dr. Vishnupad's May 2020 opinion is unsupported by or inconsistent with the record.

The ALJ also relied on "later treatment notes" that purportedly "indicate that [Plaintiff's] depression was improving," and cited three treatment notes dated in June 2018, September 2018, and March 2019. (Doc. 4-2, PageID 150 (citing Doc. 4-10, PageID 2485, 2500, 2557).). These treatment notes are from bariatric surgeon Magued Khouzam, M.D., who did not treat Plaintiff for depression. (*Id.*) Instead, Dr. Khouzam focused on the aftermath of Plaintiff's bariatric surgery. Although Dr. Khouzam noted in passing that three co-morbidities (arthritis, chronic back pain, and depression) were improving (Doc. 4-10, PageID 2485), his basis for making those statements is unclear. Moreover, Dr. Khouzam did not purport to assess Plaintiff's ability to function in the

---

[7] Dr. Vishnupad noted that Plaintiff had a defensive, guarded, and labile affect in February 2017, but was "modestly better" with less irritability and less agitation in December 2017. (Doc. 4-8, PageID 1395; Doc. 4-8, PageID 1400.)

workplace. Finally, the last of these three treatment notes is dated more than one year before Dr. Vishnupad's May 2020 opinion. For all these reasons, the treatment notes from Plaintiff's bariatric surgeon do not provide substantial evidence for the ALJ's conclusion that Dr. Vishnupad's May 2020 opinion is inconsistent with or unsupported by the record.

Accordingly, the undersigned concludes that the ALJ did not provide good reasons, supported by substantial evidence, for discounting Dr. Vishnupad's opinions. The ALJ's failure to comply with the good reasons requirement constitutes reversible error. *Hargett*, 964 F.3d at 554-55 (noting that the Sixth Circuit will "not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion") (internal quotations and citations omitted).

## C. Dr. Makhoul

Dr. Makhoul completed a medical source statement about Plaintiff's mental condition in August 2020. (Doc. 4-11, PageID 2785-87.) Dr. Makhoul opined that Plaintiff was markedly limited in the ability to tolerate customary work pressures and to complete work tasks in a normal workday or workweek at a consistent pace. (*Id.* at PageID 2786-87.) He opined that Plaintiff experienced mild to moderate limitation in the other areas of work-related mental functioning listed on the form. (*Id.* at PageID 2785-85.) He opined that Plaintiff would likely have partial- or full-day unscheduled absences from work that occur two or more days per month. (*Id.* at PageID 2787.) He also opined that Plaintiff's condition would likely deteriorate if Plaintiff were placed under stress, particularly the stress of a full-time job. (*Id.*)

13

The ALJ assigned Dr. Makhoul's opinion little weight under the "treating physician rule," reasoning that Dr. Makhoul is not entitled to controlling or deferential weight under the regulations. (Doc. 4-2, PageID 150.) In support of this assignment, the ALJ explained:

> First, the undersigned recognizes the treating relationship between Dr. Makhoul and [Plaintiff]. Second, Dr. Makhoul only discussed [Plaintiff's] mental status peripherally as his treatment was directed more towards [Plaintiff's] physical condition. Third, Dr. Makhoul's estimate that [Plaintiff] would likely miss work 2 or more days per month, and that her condition would deteriorate under the stress of work is speculative at best and lacking any support in the medical record. Those conclusions are rejected as unsubstantiated by objective medical evidence or clinical findings. Finally, later treatment notes indicate that [Plaintiff's] depression is improving. (B33F/7, 22, 79). For these reasons, the opinion evidence supplied by Dr. Makhoul with respect to [Plaintiff's] capacity to deal with stress is rejected as being unsupported by the record.

(*Id.*)

The undersigned concludes that the ALJ erred in his analysis of Dr. Makhoul's opinions because he failed to satisfy the good reasons requirement. Specifically, the ALJ did not support his stated reasons with substantial evidence. 20 C.F.R. § 404.1527(c)(2); *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 552 (6th Cir. 2020).

The ALJ's first stated reason for declining to give controlling or deferential weight to Dr. Makhoul's opinions is that he primarily treated her for her physical condition, not her mental condition. (Doc. 4-2, PageID 150.) The nature of Dr. Makhoul's treatment relationship is an appropriate factor to consider under 20 C.F.R. § 404.1527(c). It is not, however, a sufficient reason to assign Dr. Makhoul's opinions little weight.

14

The ALJ's second stated reason for declining to give controlling weight to Dr. Makhoul's opinions is that the record did not support them. (Doc. 4-2, PageID 150.) Specifically, the ALJ stated that these opinions are "speculative at best and lacking any support in the medical record," and rejected them because they are "unsubstantiated by objective medical evidence or clinical findings." (*Id*.)

Again, although the supportability of a treating physician's opinions is an appropriate factor to consider under 20 C.F.R. § 404.1527(c), an ALJ does not satisfy the good reasons requirement by making general or vague assertions that the record is inconsistent. *Smalley v. Comm'r of Soc. Sec.*, __ Fed. Appx. __, Case No. 20-1865, 2021 U.S. App. LEXIS 26754, *14 (6th Cir. Sept. 3, 2021). Thus, the ALJ failed to satisfy the good reasons requirement by making these generalized statements.

The ALJ's third stated reason is that "later treatment notes indicate that [Plaintiff's] depression is improving." (Doc. 4-2, PageID 150 (citing Doc. 4-10, PageID 2485, 2500, 2557).). These are the same treatment notes discussed above that are from Plaintiff's bariatric surgeon, Dr. Khouzam. Because Dr. Khouzam did not treat Plaintiff for depression, focused on the aftermath of Plaintiff's bariatric surgery, made these statements in passing, did not purport to assess Plaintiff's ability to function in the workplace, and were dated more than a year before Dr. Makhoul issued his opinion, these treatment notes do not provide substantial evidence for the ALJ's decision to assign little weight to Dr. Makhoul's opinion.

## VI.    CONCLUSION

For the reasons stated above, the undersigned concludes that the remaining issue in Plaintiff's Statement of Errors is well-taken. The undersigned therefore RECOMMENDS that the Court GRANT Plaintiff's Statement of Errors, REVERSE the Commissioner's non-disability determination, and REMAND this matter to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendations.

## VII.   REMAND

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. For example, remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding that the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate

16

award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE RECOMMENDED THAT**:

1.  Plaintiff's Statement of Errors (Doc. 6) be GRANTED;

2.  The Court REVERSE the Commissioner's non-disability determination;

3.  No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4.  This matter be REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5.  This case be terminated on the Court's docket.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

18

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).