IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMBER R.,

    Plaintiff,

v.

COMMISSIONER OF THE
SOCIAL SECURITY
ADMINISTRATION,

    Defendant.

:     Case No. 3:21-cv-204

:     JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #19);
OVERRULING DEFENDANT'S OBJECTIONS THERETO (DOC. #20);
REVERSING THE COMMISSIONER'S NON-DISABILITY
DETERMINATION; MAKING NO FINDING AS TO WHETHER
PLAINTIFF WAS UNDER A "DISABILITY"; REMANDING THE MATTER
TO THE SOCIAL SECURITY ADMINISTRATION UNDER SENTENCE
FOUR OF 42 U.S.C. § 405(g) FOR FURTHER CONSIDERATION;
JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST
DEFENDANT; TERMINATION ENTRY

---

Plaintiff, Amber R., suffers from depression, anxiety and post-traumatic stress disorder, in addition to a variety of physical ailments. Her treating physicians, Kalpana Vishnupad, M.D., and Mtanious Makhoul, M.D., both noted limitations in her social interaction and adaptation skills, and opined that she was unable to sustain full-time work.

The Administrative Law Judge ("ALJ"), however, gave little weight to their opinions, finding them inconsistent with the medical record. He concluded that

Plaintiff was not "disabled," and that she had the residual functional capacity to perform light work with certain limitations, including having only occasional contact with co-workers and supervisors, and having no public contact. Doc. #4-2.

On September 9, 2022, United States Magistrate Judge Caroline Gentry issued a Report and Recommendations, Doc. #19. This judicial filing dealt only with Plaintiff's Second Statement of Error, in which Plaintiff alleged that the ALJ failed to properly evaluate the mental health opinion evidence.[1] More specifically, Plaintiff alleged that: (1) the ALJ failed to properly apply the controlling weight test when evaluating the opinions of Plaintiff's treating source medical providers; and (2) the ALJ failed to provide the requisite "good reasons" for according less than controlling weight to those opinions. *See* 20 C.F.R. §404.1527(c)(2).

Magistrate Judge Gentry found that the ALJ committed reversible error in failing to provide the requisite "good reasons" for giving "little weight" to the opinions of Plaintiff's treating psychiatrist, Dr. Vishnupad, and treating physician, Dr. Makhoul. Magistrate Judge Gentry recommended that the Court reverse the non-disability finding and remand the matter to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration.

This matter is currently before the Court on Defendant's Objections to the Report and Recommendations, Doc. #20, and Plaintiff's Reply, Doc. #22. The

---

[1] On August 31, 2022, the Court rejected a previous Report and Recommendations, which recommended that the Court reverse the non-disability finding on the First Statement of Error. Doc. #18. The Court remanded the matter to the Magistrate Judge for initial consideration of the Second Statement of Error. Plaintiff has voluntarily withdrawn the Third Statement of Error.

2

Court must conduct a *de novo* review of those portions of the Report and Recommendations to which proper Objections were filed. Fed. R. Civ. P. 72(b)(3). At issue is "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Defendant maintains that the Magistrate Judge misapplied the "substantial evidence" standard.

Under the treating physician rule, an ALJ must give "controlling weight" to a treating-source opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with the other substantial evidence in [the] case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). If the ALJ determines that the treating physician's opinion is not entitled to controlling weight, the ALJ must assign a specific degree of weight after considering "the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). The ALJ is required to give "good reasons" for the degree of weight assigned to a treating physician's opinions. *See* 20 C.F.R. §404.1527(c)(2).

The Court turns first to the ALJ's decision to give "little weight" to Dr. Vishnupad's opinions. Dr. Vishnupad, Plaintiff's treating psychiatrist, issued two medical source statements, one in 2017 and one in May of 2020. Dr. Vishnupad checked boxes on these statements, indicating that Plaintiff had mild, moderate

3

and marked limitations in social interaction and adaptation, would likely incur unscheduled absences and would likely exacerbate her condition if placed under the stress of a full-time job.  In the May 2020, assessment, Dr. Vishnupad wrote, "Client has trust issues and is easily agitated by others.  Additionally, client has a history of acting out verbally and occasionally physically."   Doc. #4-10, PageID#2732.

The ALJ found that Dr. Vishnupad's opinions were entitled to "little weight" because: (1) "at the time of the first assessment, treatment had not even encompassed a full year"; (2) "the record does not reflect the level of severity, which would cause the claimant to be unable to sustain full time . . . work. . .. The record indicates that the claimant made minimal to moderate progress in 8 out of 10 meetings"; and (3) "[l]ater treatment notes indicate that the claimant's depression was improving."  Doc. #4-2, PageID#150.

Magistrate Judge Gentry found that the ALJ's first stated reason – the length of the treatment relationship -- was not supported by substantial evidence. She acknowledged that the length of the treating relationship at the time of the *first assessment* may be a valid reason for the ALJ to give little weight to that earlier opinion.  However, she faulted the ALJ's failure to address the fact that, by the time Dr. Vishnupad issued her *second, more restrictive* opinion in May of 2020, she had been treating Plaintiff for more than three years.  Defendant maintains that the ALJ was certainly aware of that fact, as evidenced by multiple references to the second opinion and "later treatment notes."

4

As the Court reads the ALJ's decision, the length of the treating relationship factored into the decision to give Dr. Vishnupad's *earlier* opinion little weight. However, the decision to give Dr. Vishnupad's later opinion little weight was based solely on other factors, including the supportability and consistency of the physician's conclusions. *See* Doc. #4-2, PageID#150 (acknowledging the treating relationship).

Magistrate Judge Gentry also rejected the ALJ's second stated reason, that the record did not reflect the level of severity that would render Plaintiff unable to work. She concluded that the ALJ did not state good reasons, supported by substantial evidence, for giving little weight to Dr. Vishnupad's opinion that Plaintiff was unable to sustain full-time work.

In support of his decision, the ALJ first cited treatment notes indicating that Plaintiff had made minimal to moderate progress in eight out of ten meetings. The Magistrate Judge noted, however, that Plaintiff showed only minimal progress in six of those eight meetings. The two meetings where moderate progress was noted predated Dr. Vishnupad's second, more restrictive opinion by nearly three years. Moreover, even at those two meetings, Dr. Vishnupad noted that Plaintiff's mood was still irritable and anxious. As such, Magistrate Judge Gentry concluded that the alleged "progress" cited by the ALJ did not necessarily reflect a change in Plaintiff's ability to function in the workplace.

The ALJ also relied on treatment notes from Magued Khouzam, M.D., Plaintiff's bariatric surgeon, indicating, in 2018, that Plaintiff's depression was

5

"improving," and that her behavior, judgment and thought content were normal. Magistrate Judge Gentry, however, noted that these treatment notes predated Dr. Vishnupad's second opinion by more than one year. Moreover, Dr. Khouzam did not treat Plaintiff for depression and did not purport to assess Plaintiff's ability to function in the workplace.

Based on the foregoing, Magistrate Judge Gentry concluded that the ALJ's stated reasons for declining to give Dr. Vishnupad's opinions either controlling or deferential weight were not supported by substantial evidence.

Defendant disagrees with Magistrate Judge Gentry's conclusion that the ALJ committed reversible error by failing to satisfy the "good cause" requirement. Defendant maintains that, when read as a whole, the ALJ's opinion is supported by substantial evidence. Defendant points to numerous treatment notes indicating that Plaintiff's anger issues and depression had steadily improved over time. Defendant contends that this provides an ample reason not to credit Dr. Vishnupad's opinion. Defendant further argues that, because the ALJ was obligated to consider all evidence in the case record, he properly considered Dr. Khouzam's observations that Plaintiff's depression was improving, even though Dr. Khouzam did not treat her for depression.

As to the Magistrate Judge's suggestion that certain treatment records were not particularly relevant because they predated Dr. Vishnupad's second opinion by more than one year, Defendant notes that the Report and Recommendations fail to consider Dr. Vishnupad's own treatment notes from

6

April of 2020, just one month before she issued her second, more restrictive opinion. At that telehealth visit, Plaintiff told the doctor that she was "[d]oing ok." She reported no major concerns. Dr. Vishnupad found that Plaintiff was stable or improving, but not at her goal. Plaintiff's mood, sleep and appetite had been fairly stable, her judgment and insight were good, and her thought process and content were coherent, and her mood and affect were eurythmic. Doc. #4-10, PageID## 2683-85.

While it is true that the Report and Recommendations did not discuss these April 2020 treatment notes in relation to the May 2020 assessment, the Court notes that the ALJ does not cite these treatment notes in his decision either, even though it appears that they would have provided additional support for his conclusion that Dr. Vishnupad's opinion was entitled to little weight. In determining whether the ALJ gave "good reasons" for giving little weight to that opinion, the Magistrate Judge cannot be faulted for failing to consider medical records not cited by the ALJ.

The Court overrules Defendant's objections with respect to the weight given to Dr. Vishnupad's opinion. Magistrate Judge Gentry properly concluded that the ALJ failed to state good reasons, supported by substantial evidence, for giving little weight to the doctor's May 2020 opinion that Plaintiff is unable to work full-time. The fact that Plaintiff showed minimal, or even moderate, improvement over the course of several office visits with Dr. Vishnupad in 2017, and with Dr. Khouzam in 2018, is not "inconsistent" with Dr. Vishnupad's opinion, issued more

7

than two years later in May of 2020, that Plaintiff's mental health issues were so severe that she was incapable of full-time work. The ALJ failed to offer any other reasons for giving little weight to Dr. Vishnupad's treating source opinion.

The Court turns next to Magistrate Judge Gentry's assessment of the ALJ's stated reasons for giving little weight to the opinion of Dr. Makhoul, Plaintiff's treating physician. In August of 2020, Dr. Makhoul checked boxes on a medical source statement indicating that Plaintiff had a marked limitation in her ability to tolerate customary work pressures and complete work tasks in a normal workday or workweek at a consistent pace, had moderate limitations in other areas, and would experience unscheduled absences from work of two or more days per month. He also opined that Plaintiff's condition would deteriorate with the stress of a full-time job.

The ALJ found that Dr. Makhoul's opinions were entitled to little weight because: (1) he treated Plaintiff primarily for her physical condition, not her mental condition; (2) his statements that Plaintiff would likely miss two or more days of work each month, and that her condition would deteriorate under the stress of work, were "speculative at best and lacking any support in the medical record"; and (3) later treatment notes indicate that Plaintiff's depression is improving.

As to the first reason given, Defendant maintains that it was appropriate for the ALJ to give "less weight" to Dr. Makhoul's opinion, given that Dr. Makhoul does not specialize in mental health issues. The Magistrate Judge acknowledged

8

as much, but held that, standing alone, this was not sufficient to assign Dr. Makhoul's opinion "little weight."

As to the ALJ's finding that Dr. Makhoul's opinions concerning work absences and the effects of full-time work on Plaintiff's condition were "speculative" and "unsubstantiated by objective medical evidence," Magistrate Judge Gentry again found that these generalized statements failed to satisfy the "good reasons" requirement. To the extent that the ALJ relied on Dr. Khouzam's statement that Plaintiff's depression was improving, the Magistrate Judge rejected this for the same reasons discussed above. She further noted that Dr. Khouzam's statement was made more than a year before Dr. Makhoul issued his opinion. She again concluded that there was not substantial evidence to support the ALJ's decision to give little weight to Dr. Makhoul's opinion.

Defendant again argues that, when the opinion is read as a whole, substantial evidence supports the ALJ's finding that Plaintiff was not disabled. In addition, Defendant maintains that the ALJ articulated good reasons for rejecting Dr. Makhoul's opinion.

For the same reasons discussed in conjunction with Dr. Vishnupad's opinion, the Court overrules Defendant's Objections with regard to Dr. Makhoul's opinion. Magistrate Judge Gentry properly concluded that the ALJ failed to articulate good reasons, supported by substantial evidence, for giving little weight to Dr. Makhoul's August 2020, opinion that Plaintiff is unable to work full-time.

Although Plaintiff may have exhibited some signs of improvement, this does not necessarily render her capable of full-time work.

For the reasons stated above, the Court ADOPTS the Magistrate Judge's Report and Recommendations, Doc. #19, and OVERRULES Defendant's Objections thereto, Doc. #20. The Court REVERSES the Commissioner's non-disability determination, but makes no finding as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act. The Court REMANDS the matter to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with the Court's decision.

Judgment shall be entered in favor of Plaintiff and against Defendant.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: November 3, 2022

WALTER H. RICE
UNITED STATES DISTRICT JUDGE